IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STATE FARM LIFE INS. CO., | )<br>) |
| Plaintiff, | )<br>) |
| | ) No. 23 C 1402 |
| v. | )<br>) |
| | ) Magistrate Judge |
| CATHERINE C. SMITH, as guardian of the person and the estate of J.S.; and DANIEL J. SMITH, | ) Maria Valdez<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Daniel J. Smith's ("Daniel") Motion for Summary Judgment to Find that Daniel J. Smith is the Sole Beneficiary [Doc. No. 33].[1] The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, the motion is granted.

---

[1] The briefing schedule entered on February 22, 2024 required any responses to the motion to be filed by March 15, 2024. As of the date of this order, Catherine had not filed a response or a motion to extend the deadline. On February 22, 2024, Daniel filed a Notice to Unrepresented Litigants Opposing Summary Judgment [Doc. No. 37] as required by Local Rule 56.2.

## **FACTS**[2]

Daniel resides in Pittsboro, North Carolina and is a citizen and resident of the state of North Carolina. (LR 56.1(a)(2) ¶ 1.) Defendant Catherine C. Smith ("Catherine") resides in Chicago, Illinois, and is a citizen and resident of the state of Illinois. (*Id.* ¶ 2.) This Court has jurisdiction under 28 U.S.C. §1335 because the claimants are of diverse citizenship, and the amount in controversy exceeds $500.00. (*Id.* ¶ 3.) Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1397 because at least one of the claimants resides in this district. (*Id.* ¶ 4.)

Plaintiff State Farm Life Insurance Company, Co. ("State Farm") issued a life insurance policy ("Personal Policy") to David W. Smith ("the Insured") on August 22, 2001. (*Id.* ¶ 5.) The Personal Policy named the Insured's wife Catherine as the primary beneficiary and his brother Daniel as the successor beneficiary. (*Id.* ¶ 6.) The Insured and Catherine were divorced on June 4, 2021, and the Insured died on October 12, 2021. (*Id.* ¶¶ 7-8.)

Catherine made a claim to the proceeds from the Personal Policy on November 11, 2021. (*Id.* ¶ 9.) Daniel also made a claim to the proceeds from the Personal Policy.[3] (*Id.* ¶ 10.) Having received two competing claims for the Personal Policy, State Farm filed this Interpleader Action on March 7, 2023. (*Id.* ¶ 11.) On May 9, 2023, the Court granted State Farm's Motion for Leave to Deposit

---

[2] Unless otherwise noted, the following material facts are undisputed or are deemed admitted due to a party's failure to comply with Local Rule 56.1, which this Court strictly enforces.

[3] Paragraph 10 of Daniel's Statement of Facts lists the date of his claim as February 25, 2021, but that date is presumably a typographical error.

Admitted Liability, and State Farm deposited the admitted liability of $316,763.10, plus accrued interest, of the Personal Policy proceeds with Court by May 10, 2023. (*Id.* ¶¶ 15-16.)

The Insured and Catherine's Judgment of Dissolution states that "[b]oth parties shall name the MINOR CHILD [J.S.] as the irrevocable beneficiary of any life insurance policy provided through his [ ] employer in an amount of no less than fifty thousand dollars ($50,000.00), with [ ] DAVID naming CATHERINE as Trustee of his policy." (*Id.* ¶ 20.) The Judgment of Dissolution does not describe or refer to the Personal Policy. (*Id.* ¶ 21.) Catherine knew about the Personal Policy for over twenty years prior to the Judgment of Dissolution, she admits that the Judgment for Dissolution is a valid and enforceable judgment, and she has never attempted to modify the Judgment for Dissolution. (*Id.* ¶¶ 22-24.)

Catherine claims a right to the proceeds of the Personal Policy as an individual, not on behalf of the minor J.S., who has already received the proceeds from the Insured's group employment life insurance policy. (*Id.* ¶¶ 25, 28.) Catherine also signed and filed a Statement with the Cook County Probate Court to declare that J.S. received the Sirius employer basic and supplemental life insurance policies on his 18th birthday, October 19, 2023. (*Id.* ¶ 26.) J.S. received $150,000.00 from the Sirius supplemental policy, and $193,000.00 from the primary policy. (*Id.* ¶ 27.)

3

## **DISCUSSION**

I.     **LEGAL STANDARD**

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The Court must draw all reasonable inferences in favor of the nonmovant. *Bennington v. Caterpillar Inc.*, 275 F.3d 654, 658 (7th Cir. 2001).

However, once the movant has carried its burden under Rule 56(c), "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The party opposing summary judgment must offer admissible evidence in support of his version of events, and hearsay evidence does not create a genuine issue of material fact. *McKenzie v. Ill. Dep't of Transp.*, 92 F.3d 473, 484 (7th Cir. 1996); *see Larimer v. Dayton Hudson Corp.*, 137 F.3d 497, 500 (7th Cir. 1998) ("'If the non-moving party bears the burden of proof on an issue, . . . that party may not rest on the pleadings and must instead show that there is a genuine issue of material fact.'") (citation omitted). "The mere existence of an alleged factual dispute is not sufficient to defeat a summary judgment motion. . . . The nonmovant will successfully oppose summary judgment only when it presents 'definite, competent evidence to rebut the motion.'" *Vukadinovich v. Bd. of Sch. Trs. of N. Newton Sch. Corp.*, 278 F.3d 693, 699 (7th Cir. 2002) (citations omitted).

Furthermore, courts are "'not required to draw every conceivable inference from the record,'" *United States v. Luce*, 873 F.3d 999, 1005 (7th Cir. 2017) (citation omitted), nor do they "have to scour the record or make a party's argument for it," *Varlen Corp. v. Liberty Mut. Ins. Co.*, 924 F.3d 456, 460 (7th Cir. 2019).

## II.   ANALYSIS

Pursuant to the Illinois Marriage and Dissolution of Marriage Act:

(2) If a judgment of dissolution of marriage is entered after an insured has designated the insured's spouse as a beneficiary under a life insurance policy in force at the time of entry, the designation of the insured's former spouse as beneficiary is not effective unless:

  (A) the judgment designates the insured's former spouse as the beneficiary;

  (B) the insured redesignates the former spouse as the beneficiary after entry of the judgment; or

  (C) the former spouse is designated to receive the proceeds in trust for, on behalf of, or for the benefit of a child or a dependent of either former spouse.

(3) If a designation is not effective under paragraph (2), the proceeds of the policy are payable to the named alternative beneficiary or, if there is not a named alternative beneficiary, to the estate of the insured.

750 Ill. Comp. Stat. § 5/503(b-5)(2)-(3).

The Personal Policy was issued to the Insured in 2001, while he and Catherine were married. Catherine was listed as the primary beneficiary, with Daniel as the secondary beneficiary. The Judgment of Dissolution did not designate Catherine as the beneficiary of the Personal Policy, and she was not redesignated as the beneficiary at any point after the judgment was entered. The Judgment of Dissolution did refer to an insurance policy from which Catherine was to receive the

5

proceeds in trust for the Insured's child, but that was the policy provided through the Insured's employer, which is not at issue in this case. Catherine has received funds from the Insured's employer policies on behalf of her son, and that amount exceeds the $50,000 minimum required in the Judgment of Dissolution. Accordingly, any designation of Catherine as a beneficiary of the Personal Policy is ineffective under the Illinois Marriage and Dissolution of Marriage Act. Because the designation is ineffective, the proceeds are payable to Daniel, the named alternative beneficiary of the Personal Policy.

## CONCLUSION

For the foregoing reasons, Defendant Daniel J. Smith's Motion for Summary Judgment to Find that Daniel J. Smith is the Sole Beneficiary [Doc. No. 33] is granted. The Court hereby orders the disputed proceeds deposited with this Court to be released to Daniel J. Smith and his designated attorney.

**SO ORDERED.**                 **ENTERED:**

**DATE:**    **April 4, 2024**

                                                       **HON. MARIA VALDEZ**
                                                       **United States Magistrate Judge**